UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Terry BATTLE<br><br>v.<br><br>UNITED STATES OF AMERICA | Crim. No. 07-900 (KM)<br><br>OPINION & ORDER |

### MCNULTY, District Judge

This is a petition under the All Writs Act, 28 U.S.C. § 1651, for a writ of *audita querela*. (DE 105)[1] The petitioner, Terry Battle, was convicted by a jury of conspiring to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846. He was designated a career offender under U.S.S.G. § 4B1.1, based on eight prior felony narcotics convictions. On December 8, 2008, he received a sentence of 360 months' imprisonment.[2] He seeks to vacate that sentence and be resentenced without the career offender designation. For the reasons stated herein, the petition is denied.

The following history of prior motions for post-conviction relief is relevant:

- By Judgment and Opinion filed January 4, 2012, the U.S. Court of Appeals for the Third Circuit denied Mr. Battle's direct appeal from his conviction. (DE 83, 84) No petition for certiorari was filed.
- By Order and Opinion filed March 26, 2014, District Judge Faith S. Hochberg denied Mr. Battle's motion pursuant to 28 U.S.C. §

---

[1] "DE __" refers to docket entry numbers in this case, Crim. No. 07-900. "Civ. No. 13-2024, DE __" refers to docket entries in Mr. Battle's motion for relief pursuant to 28 U.S.C. § 2255.

[2] At the time of trial and sentence, the presiding judge was Hon. Dennis M. Cavanaugh. Judge Cavanaugh retired in 2014, and after two interim reassignments this matter was assigned to me. (DE 100)

2255 on the grounds other than ineffective assistance of counsel. (Civ. No. 13-2024, DE 10, 11)
- After assigning new counsel and holding an evidentiary hearing, by Order and Opinion filed March 14, 2016, District Judge Jose L. Linares denied the remaining claim of ineffective assistance of counsel asserted in Mr. Battle's motion pursuant to 28 U.S.C. § 2255. (Civ. No. 13-2024, DE 40, 41)
- By Order dated August 29, 2016 (DE 103), I denied Mr. Battle's motion for reduction of sentence based on subsequent amendments to the Sentencing Guidelines, pursuant to 18 U.S.C. § 3582(c)(2).

*Audita querela* is an ancient writ, currently of limited application. "[T]he writ is available only where there is a legal, rather than an equitable, objection to a conviction that has arisen subsequent to the conviction and is not redressable by another postconviction remedy." *Gore v. United States*, Crim. No. 90-304 (SRC), 2009 WL 512160, at *2 (D.N.J. Feb. 27, 2009). "Courts have limited the remedy to only those instances in which there are gaps in the framework of federal postconviction relief for which no other remedy is available." *Id.*

Mr. Battle asserts that the writ must be granted based on a change in the law. Although he may have been correctly classified as a career offender under U.S.S.G. § 4B1.1 when he was sentenced in 2008, he says, subsequent case law has undermined the basis for that determination. He seeks to be resentenced without application of the career offender guideline.

A threshold objection concerns the scope of *audita querela*. As noted above, the modern writ is an interstitial remedy, available only where the petitioner seeks "federal postconviction relief for which no other remedy is available." *Gore*, 2009 WL at *2. The relief Mr. Battle seeks—vacatur of his sentence and resentencing—is squarely within the scope of 28 U.S.C. § 2255, which authorizes a motion "to vacate, set aside or correct" an illegal sentence.

2

*Id.* § 2255(a). Where the relief sought is within the scope of § 2255, there is no remedial gap to fill, and *audita querela* is unavailable. *See id.*; *United States v. Hannah*, 174 F. App'x 671, 673 (3d Cir. 2006).

A petitioner cannot, by violating the procedural rules surrounding § 2255, render it "unavailable" and thus gain the benefit of *audita querela*. "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs such as audita querela." *United States v. Paster*, 190 F. App'x 138, 139 (3d Cir. 2006). It is the applicability of the § 2255 remedy, "not the personal inability to use it, that is determinative." *Gore*, 2009 WL 512160, at *4.

Thus, for example, *audita querela* cannot be used to avoid AEDPA's restrictions on the filing of second or successive § 2255 motions; "a previous denial of § 2255 relief does not render § 2255 inadequate" or create a "gap" that may be filled by *audita querela* to fill. *Hannah*, 174 F. App'x at 673.

It follows that the relief sought here, vacatur of sentence and resentencing, is within the scope of § 2255 and therefore cannot be obtained by means of a writ of *audita querula*. The petition must be dismissed for that reason alone.

For similar reasons, and in the alternative, this motion could be viewed as one under § 2255. Even on that assumption, however, it has been filed well outside the one-year statute of limitations imposed by 28 U.S.C.§ 2255(f). Mr. Battle's conviction became final when it was affirmed on January 4, 2012, and the deadline to seek a writ of certiorari expired some 90 days later. *See Clay v. United States*, 537 U.S. 522, 532, 123 S. Ct. 1072, 1079 (2003).

In addition, this petition must be dismissed as a second or successive § 2255 motion. Mr. Battle filed a § 2255 motion in 2013 (within the one-year deadline imposed by AEDPA). *See* 28 U.S.C. § 2255(f). That initial § 2255 motion was denied in 2016. To file a second or successive motion, he would have to satisfy the stringent conditions of 28 U.S.C. § 2255(h). Those

preconditions include, for example, obtaining a certification from the Court of Appeals that his motion contains newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. He has not done so.

In that respect, *Gore, supra,* is illustrative. There, the defendant sought to vacate his sentence, arguing that the subsequently decided case of *Booker v. United States*, 543 U.S. 220 (2005), which rendered the Sentencing Guidelines advisory, undermined the validity of his sentence. He conceded that *Booker* was not retroactive and therefore would not justify setting aside the § 2255(h) restriction on successive petitions. Thus, he argued, § 2255 relief was unavailable, and the court should permit *audita querela* relief. Judge Chesler disagreed: § 2255 is not unavailable or ineffective, he wrote, "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements" of § 2255. *Gore*, 2009 WL 512160 at *4 (quoting *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002)).

Finally, it is highly unlikely that the petition, if considered, would be granted (or, in the alternative, that the Court of Appeals would issue a § 2255(h) certification). Mr. Battle challenges the application of the career offender guideline, U.S.S.G. § 4B1.1.[3] His claim is that subsequent case law, including *Mathis v. United States*, 136 U.S. 2243 (2016), and *Descamps v. United States*, 136 S. Ct. 2243 (2016), the sentencing court would have been required to determine if his prior controlled substance felony convictions were

---

[3]     (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Application of this guideline had the effect of boosting Mr. Battle's offense level to 37. A career offender's Criminal History category is in every case deemed to be VI, although that would have been true in any event. In Battle's case there were, by the way, not merely the required two, but eight prior drug trafficking convictions. *See* PSR, annexed to Gov't Response, DE 107.

drug-trafficking offenses under U.S.S.G. § 4B1.2. It cannot be determined, he says, whether his eight state-law convictions for possession of a controlled dangerous substance with intent to distribute in fact involved "distributing" or "dispensing" narcotics. A number of cases have rejected that argument. *See United States v. Jackson*, 711 F. App'x 90, 91-92 (3d Cir. 2017) (Career Offender guideline includes "dispensing" and encompasses prior conviction under N.J. Stat. Ann. § 2C:35-7(a)); *Barnett v. United States*, Civ. No. 16-7940 (FLW), 2018 WL 4771907, at *5-6 (D.N.J. Oct. 3, 2018); *Coleman v. United States*, Civ. No. 17-4817 (SRC), 2018 WL 4688319, at *3-4 (D.N.J. Sept. 27, 2018); *Gonzalez v. United States*, Civ. No. 16-9412 (KSH), 2017 WL 2304645, at *2 (D.N.J. May 25, 2017).

> Judge Chesler succinctly put the matter thus:
>
> At the time of Petitioner's conviction, the Guidelines defined a predicate drug offense as "the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Guidelines Manual § 4B1.2(b) (emphasis supplied). N.J.S.A. 2C:35-5 makes it unlawful for any person knowingly or purposely "to manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog[.]" (Emphasis added.) Because the federal and state definitions match, the state CDS crimes at issue qualify as predicate offenses under the categorical approach, and the Court need not resort to the modified categorical approach, which was the issue in *Mathis*.

*Jackson v. United States*, Civ. No. 17-4707 (SRC), 2018 WL 4828409, at *2 (D.N.J. Oct. 4, 2018)[4]

---

[4] Part of the misunderstanding seems to arise from misapplication of the "aggravated felony" case law under the immigration laws. *See Chang-Cruz v. Attorney General*, 659 F. App'x 114 (3d Cir. 2016). The Third Circuit *Jackson* case, *supra*, specifically notes that the Career Offender guideline, unlike the analogous immigration statute, encompasses the element of "dispensing."

5

Whether in 2008 or if resentenced now, Mr. Battle would be properly classified as a career offender.

## ORDER

**IT IS THEREFORE** this 7th day of December, 2018,

**ORDERED** that the petition for a writ of *audita querela* (DE 105) is DENIED.

To the extent that this order may be deemed a decision on a motion for relief under 28 U.S.C. § 2255, I find that there is no substantial showing of district court jurisdiction, let alone denial of a constitutional right, and deny a certificate of appealability. *See* 28 U.S.C. § 2253.

The clerk shall send a copy of this opinion and order to the defendant/petitioner, Mr. Battle, by regular first-class mail.

KEVIN MCNULTY, U.S.D.J.